Gazdik *v.* Gates Body Co.

-----•--•-•--•-----

ANDREW GAZDIK *vs.* THE GATES BODY COMPANY ET ALS.
JULIUS GAZDIK *vs.* THE GATES BODY COMPANY ET ALS.

Third Judicial District, Bridgeport, October Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

The plaintiffs offered evidence to prove that the defendant R, having purchased a motortruck upon the understanding that the price would include the addition of a certain type of body, took it at the dealer's direction to the defendant G. Co. for this purpose; that the G. Co. thereafter took the truck to the defendant K, a blacksmith, to have certain irons put in place, and informed K that its representative would call for it on the following morning; and that when the work was completed, K's son, who was neither authorized nor accustomed to deliver cars to his father's customers, took the truck without his father's knowledge or permission and while driving it to the G. Co., negligently collided with the motorcycle upon which the plaintiffs were riding and injured them. *Held* that there was no reasonable basis for an inference that K's son was the agent

Gazdik *v.* Gates Body Co.

of any of the defendants and that the plaintiffs were, therefore, properly nonsuited by the trial court.

Argued November 3d—decided December 12th, 1927.

ACTIONS to recover damages for personal injuries, alleged to have been caused by the negligence of the defendants, brought to the Superior Court in Fairfield County and tried to the jury before *Wolfe, J.;* the trial court nonsuited the plaintiffs, and from the denial of the motions to set aside the judgments entered thereon, the plaintiffs appealed. *No error.*

*Philip Reich,* with whom, on the brief, was *Samuel Reich,* for the appellants (plaintiffs).

*Edward J. Quinlan,* for the appellee (defendant Michael J. Riordan).

*Theodore E. Steiber,* for the appellee (defendant The Gates Body Company).

*Israel J. Cohn,* for the appellee (defendant Michael Kish).

PER CURIAM. The plaintiffs offered evidence that they were injured in a collision between a motorcycle upon which they were riding and an automobile truck driven by one Michael Kish, Jr., and that the accident was due to the negligence of Kish in the operation of the truck. The defendants are Michael J. Riordan, The Gates Body Company, and Michael Kish, Sr., the claim of the plaintiffs being that Kish, Jr., was at the time of the accident operating the car as the agent of some or all of them. The only facts bearing upon the issue of agency which the evidence even remotely suggests are these: Riordan bought the truck of an automobile dealer under an agreement that the dealer would have it equipped with a certain type of body,

and the price paid was a single sum for the completed truck. Riordan, being in immediate need of it, used it for a few days, and then, as directed by the dealer, delivered it to the Gates Company to have it equipped with the body. The contract for the construction of the body by the Gates Company was one between it and the dealer from whom Riordan bought the truck.

The Gates Company, being pressed with work, took the truck to the blacksmith shop operated by Kish, Sr., to have the necessary irons put in place. The representative of the company, Reall, who delivered the truck at the shop, told Kish, Sr., that they were in a hurry for it and that he would come for it in the morning. Kish, Sr., his son, and another man worked late on the car, and in the course of the evening the son said to his father that he would deliver the truck to the Gates Company in the morning, but the father told him not to do so, that Reall was coming for it. Nevertheless, the son arose the next day before his father, took out the truck without his knowledge, and was driving it to the place of business of the Gates Company when the accident occurred. The son had never delivered any trucks from his father's shop to the Gates Company, or in fact driven any trucks except from the street into the shop or from the shop into the street, nor did it appear that he had ever delivered any articles for his father except by the use of a horse and wagon. The reason he gives for taking the truck was that it was a new one and he wanted to drive it. Obviously, regarding these facts in the light most favorable to the plaintiffs and drawing every reasonable inference in support of their claim, they fall far short of affording any basis for a finding by the jury that the son was the agent for any purpose of any of the defendants save Kish, Sr., or that he was, in operating the truck at the time of the accident, then

engaged in the course of his employment by the last named.

There is no error.